EDWARDS, Judge.
Appellee, Dr. Sidney Mack, filed a motion to dismiss the appeal lodged by appellant, John W. St. Amant. Appellee argues that the judgment appealed from is interlocutory in nature and does not cause irreparable injury, hence it is a non-appealable judgment. Appellant takes the opposing view that irreparable injury will occur if the judgment stands as rendered.
Background history of this suit is as follows. In a prior heated child custody case in which the St. Amants were opposing parties, Mrs. St. Amant made references to alleged sexual abuse of their child by Mr. St. Amant. The appellee, Dr. Sidney G. Mack, testified at the custody hearings that it was his determination, after examining the child, that some sexual abuse had taken place. There were references made that the likely culprit was Mr. St. Amant.
At the conclusion of the hearing, the trial court found there was insufficient evidence of abuse. Mrs. St. Amant appealed that judgment and this court affirmed the judgment of the trial court. Shortly thereafter, Mr. St. Amant filed suit against Dr. Sidney G. Mack alleging that Dr. Mack and others had conspired to defame him in the custody hearings. In response to the suit Dr. Mack filed a dilatory exception of prematurity arguing that Mr. St. Amant had not first presented his claim to a medical review panel as required by LSA-R.S. 40:1299.39, et. seq.
The trial court sustained this exception but ordered the defendant, Dr. Mack, to file an answer or other response to the petition of Mr. St. Amant within ten days of the judgment. Mr. St. Amant appealed that judgment and Dr. Mack, filed a motion to dismiss the appeal.
Appellant argues that the judgment, although interlocutory in nature, causes irreparable injury in that it recognizes Dr. Mack as a health care provider and thus *424 limits the amount of any award to the statutory cap of $500,000.00.
Appellee on the other hand argues that there is no irreparable injury and thus is an interlocutory non-appealable judgment.
The judgment on the exception is in a convoluted form in that .it sustains the exception of prematurity but orders the ex-ceptor, Dr. Mack, to answer plaintiff’s suit. As rendered, this judgment recognizes Dr. Mack as a qualified health care provider and provides him with the coverage limits as defined in LSA-R.S. 40:1299.39. Normally an exception of prematurity which is sustained, orders the suit be dismissed. LSA-C.C.P. art. 933. When a suit is thus dismissed, an appeal is proper as it originates from a final judgment. However, in the present suit the exception was sustained, but the suit was maintained by ordering the defendant to answer the suit within ten (10) days. In this respect, the judgment is an interlocutory judgment of which no appeal lies unless it causes irreparable harm.
If we hold that the judgment is final because the exception was maintained, the appeal is proper. On the other hand if we were to find the judgment interlocutory in nature because, although the exception was maintained, it orders the defendant to answer the suit, then an appeal under this hypothesis would be improper unless it causes irreparable injury to plaintiff.
We find that under either scenario, an appeal is proper. The plaintiffs petition clearly alleges the intentional tort of conspiracy and defamation. These acts are specifically excluded from coverage under the aforementioned medical malpractice act. By sustaining the exception, the trial judge, in effect, recognized the actions of the defendants as negligence and provided them with the ambient of coverage of the aforementioned act. This causes irreparable injury to plaintiff in that it places a limit on the amount of recovery the plaintiff may receive.
Having found that the ruling of the trial court which sustained Dr. Mack’s exception of prematurity, yet ordered him to answer the suit, was in error and that under either scenario the plaintiff has a valid right to appeal therefrom, we deny Dr. Mack’s motion to dismiss the appeal.
MOTION TO DISMISS IS DENIED.
SAVOIE, J., dissents and would grant the writ and order the trial court to dismiss the suit. LSA-C.C.P. Art. 933.